## SUPREME COURT.

### Alonzo Bowen agt. Stephen R. Hunter.

A justice of the peace, holding a court of special sessions, has jurisdiction and authority to punish a person as for a *criminal contempt* of such court, for willfully and contemptuously refusing to be sworn as a witness by or before such court, or by or before such justice, while holding such court as a justice of the peace, he having been duly subpœnaed as a witness.

*Courtland Circuit, April* 18, 1873.
*Justice* Balcom *Presiding.*

Action to recover damages for defendant fining and committing plaintiff to the Cortland county jail for willfully and contemptuously refusing to be sworn as a witness by and before the defendant, while as a justice of the peace he was holding a court of special sessions for the trial of Frank Maybee for an assault and battery on the plaintiff, who was the complainant in the case against Maybee in the court of special sessions.

Plaintiff refused to be sworn (though he had been duly subpœnaed as a witness for the people), on the ground that he had withdrawn, or did withdraw, the complaint and prosecution against Maybee. The defendant, as justice, held that the plaintiff could not withdraw the complaint and proceedings against Maybee, before the defendant, while holding the court of special sessions for the trial of Maybee, without paying the costs on the part of the people, Maybee having elected to be tried before the defendant, without a jury, for the alleged assault and battery on the plaintiff, and had pleaded not guilty before the defendant to the charge.

The alleged cause of the plaintiff attempting to withdraw

his complaint and proceedings against Maybee before the defendant was defendant's refusal to issue a venire for a jury in the case on plaintiff's application.

The plaintiff, persisting in his refusal to be sworn as a witness for the people against Maybee before the defendant, while he was holding a court of special sessions for the trial of Maybee, was fined five dollars, as for a criminal contempt, by the defendant, and the defendant issued a commitment against the plaintiff, by virtue of which the plaintiff was imprisoned in the county jail of Cortland county five days by reason of his non-payment of the fine of five dollars, which the defendant adjudged he should pay as and for his criminal contempt of court by refusing to be sworn as aforesaid. Trial by jury waived.

W. H. WARREN & H. C. MINER, *for plaintiff*.
BOUTON & CHAMPLIN & GEORGE N. KENNEDY, *for defendant.*

BALCOM, *J.*—As I view the evidence in the case, the only question to be discussed is, whether the defendant, a justice of the peace, while holding a court of special sessions for the trial of Maybee for an assault and battery on the plaintiff, had jurisdiction and authority to fine the plaintiff five dollars, as for a criminal contempt of court, for willfully and contemptuously refusing to be sworn as a witness, on such trial, against Maybee, after he had been duly subpœnaed as a witness for the people against Maybee, and was present in court before the defendant, and also had jurisdiction and authority to commit the plaintiff to the jail of Cortland county, until he should pay said five dollars, not exceeding five days.

The plaintiff's counsel relies on the decision of the late justice WELLES, in the *The People* agt. *Webster* (3 *Parker's Cr. Reps.*, 503), to sustain the proposition that the defendant had no power or jurisdiction to fine or commit the plaintiff

Bowen agt. Hunter.

to prison, as for a contempt of court, in willfully and contemptuously refusing to be sworn as a witness against Maybee under the circumstances I have stated. It is unnecessary to question the correctness of that decision, so far as it holds that a justice of the peace has no power to commit a person to prison who is before him under section seventeen of "An act to suppress intemperance, and to regulate the sale of intoxicating liquors," passed April 16, 1857, for refusing to be sworn and examined as to the cause of his intoxication. And that was the only point decided in that case by justice WELLES. But with all proper respect for the learning and ability of the late justic WELLES, I cannot concur in his reasoning in the case referred to, which tends to deprive the defendant in this case of jurisdiction and power to fine the plaintiff herein five dollars, and commit him to prison, not exceeding five days, for the non-payment of such fine, for willfully and contemptuously refusing to be sworn in the criminal case under the circumstances I have stated.

In the first place, I will say that I am of the opinion that sections 279, 280 and 281 of the Revised Statutes (3 *R. S.*, *5th ed.*, 461), referred to by justice WELLES, apply only to civil suits before a justice of the peace, and not to a criminal case before any justice of the peace while holding a court of special sessions for the trial of a person for crime, of which such a court has jurisdiction.

Any justice of the peace is authorized to issue subpœnas to compel the attendance of witnesses "before a court of special sessions" (3 *R. S.*, *5th ed.*, 1011, § 64 [§ 35]). "In case any person summoned to appear before a court of special sessions as a juror or witness shall fail to appear, he shall be liable to the like penalties, and may be proceeded against in like manner, as provided by law in respect to jurors and witnesses in justices' courts" (*Id.*, § 65 [or § 36]). But in case a person, duly summoned as a witness, to appear before a court of special sessions, does appear before such court, but there refuses to be sworn, there is no statute authorizing any pun-

ishment of such person for such refusal to be sworn as a witness, unless it be section 199 (§ 274) of the Revised Statutes (3 *R. S.*, *5th ed.*, 460), which section authorizes a justice of the peace to punish, as for a criminal contempt, persons guilty of disorderly, contemptuous or insolent behavior toward such justice while engaged "in any judicial proceedings, which shall tend to interrupt such proceedings, or to impair the respect due to his authority." If a justice of the peace is engaged in a judicial proceeding, within the meaning of this statute, while holding a court of special sessions, I am of the opinion it authorizes him to punish, as for a criminal contempt, a witness, before him, who has been duly subpœnaed, for willfully and contemptuously refusing to be sworn as a witness in the case pending in his court of special sessions. In this view of the case the plaintiff's punishment was authorized by section 200 (§ 275) of the Revised Statutes (3 *R. S.*, *5th ed.*, *p.* 460), for the reason that the two following sections of such statutes were complied with by the defendant (*Id.*; *p.* 461).

But, regarding a justice of the peace as a court, and not merely as a magistrate, while holding a court of special sessions, as, I think, is his situation, such court need not look to our statutes, but to the common law, for authority to punish a witness, as for a criminal contempt, for willfully and contemptuously refusing to be sworn as a witness by or before such court. And there is no doubt that at common law "if a witness refuses to be sworn," he is guilty of contempt of the court which directs him to be sworn, if he has been duly subpœnaed and is in attendance before the court (*Bishop on Criminal Law*, *vol.* 2, *5th ed.*, § 255; *Albany Law Journal*, *vol.* 7, *No.* 9, *pp.* 129 *and* 130). On page 129 of the Law Journal cited, a contempt of court is defined as "a willful disregard of the dignity or disobedience of the authority of the court." And further down on the same page it is said: "Every court, from a full bench to a petty magistrate, is armed with the power to preserve its own dignity by

the infliction, at its discretion, of fine or imprisonment, for obvious violations of its dignity or authority committed in its presence." This power is restricted and regulated by statute in this state, in respect to nearly all the courts. And in a court of record "the contumacious and unlawful refusal of any person to be sworn as a witness" is a criminal contempt of court (2 *R. S.*, 278, § 10, *sub.* 5). But there is no statute authorizing a court of special sessions, as such, to punish a person, as for a criminal contempt, or in any other way, for refusing to be sworn as a witness in a case before such court; nor is there any statute taking such power or authority from that court. As to justices of the peace, chief justice NELSON said, in delivering the opinion of the supreme court in *Onderdonk* agt. *Raulett* (3 *Hill's Reps.*, 329), "justices may, at all times, rely upon the continuance and favor of this court in the due command and vigorous enforcement of good order while conducting their proceedings."

None of section 274 of the Revised Statutes, above cited (2 *R. S.*, 273), is applicable to a justice of the peace while holding a court of special sessions, or, if resort must be had to the common law, to justify a justice, while holding such a court, to punish for contempt, I am of the opinion the defendant, while he was, by virtue of his office of justice of the peace, holding a court of special sessions, had jurisdiction and authority to punish the plaintiff, as for a criminal contempt of such court, for willfully and contemptuously refusing to be sworn as a witness by or before such court, or by or before the defendant while holding such court, as a justice of the peace.

The general rule is, that a justice of the peace acts judicially in convicting a person of a contempt, and therefore no civil action can be maintained against him for making any such conviction; provided he has jurisdiction, and his proceedings are regular on their face (2 *Wait's Law and Practice*, *p.* 645).

It follows from these conclusions that the defendant is entitled to a judgment in this action with costs.